UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JAMES SABAUGH,

                Plaintiff,        Civil Action No. 13-cv-14614
                                         Honorable Thomas L. Ludington
                                         Magistrate Judge David R. Grand
v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT

**I.    RECOMMENDATION**

Plaintiff Andrew Sabaugh, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for benefits. Having failed to file his motion for summary judgment despite three orders from the Court requiring its filing, and having offered no excuse as to his failure to file such a motion, and for the other reasons stated herein, the Court RECOMMENDS DISMISSING Sabaugh's complaint WITH PREJUDICE.

**II.    REPORT**

    **A.    Background**

On January 27, 2014, the court directed the parties to file their respective motions for summary judgment; Sabaugh by February 24, 2014, and the Commissioner by March 26, 2014. [13]. Sabaugh failed to file his motion. On February 26, 2014, the Court issued an Order to Show Cause, requiring Sabaugh to respond by March 12, 2014, informing the Court as to why it

should not recommend dismissal of his complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and adhere to a Court order. [16]. Sabaugh did not respond. Noting Sabaugh's *pro se* status, on March 27, 2014, the Court gave him "one final opportunity" to file his motion for summary judgment; it issued a new "Order to Show Cause (Final)", giving Sabaugh until April 11, 2014, to file his summary judgment motion. [17]. As of today's date, Sabaugh still has not responded to the Court's Orders to Show Cause and has not filed his summary judgment motion. Notably, none of the Court's Orders have been returned as undeliverable.

   B.   **Legal Standard**

If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co..*, 370 U.S. 626, 629-632, (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has set forth four factors to be used as guidance when determining whether a case should be dismissed for failure to prosecute pursuant to Fed.R.Civ.P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4)

whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

### C. Analysis

With respect to the first factor, even after the Court provided Sabaugh with two extensions beyond the original due date for the filing of his motion for summary judgment, and each time warned him that a failure to file his motion might result in dismissal of his case with prejudice for failure to prosecute, Sabaugh failed to either file his motion or explain to the Court his inability to do so. Therefore, even though it is not clear that Sabaugh's failure to respond is done in bad faith, it is "certainly willful and with fault." *Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 U.S. Dist. LEXIS 68040, *3 (E.D. Mich. May 14, 2013).

With regard to the second factor, there is only slight prejudice to the Commissioner here, as Sabaugh's failure simply results in a delay of litigation. However, the third and fourth factors weigh heavily in favor of dismissal, as Sabaugh has been given two clear warnings that his case would be dismissed if he did not file his brief or otherwise respond to this Court's orders. Most recently, the Court titled its Order to Show Cause to indicate that it was the "Final" one that would be issued, and specifically advised Sabaugh that it was "giv[ing] him one final opportunity to comply with this Court's scheduling order and submit his case on the merits." [17]. Under these circumstances, "dismissal is the only appropriate remedy" because Sabaugh "has effectively abandoned the case." *Id.* For these reasons,[1] the Court recommends dismissal

---

[1] The Court also notes that Sabaugh's complaint gives no indication whatsoever as to *why* he believes he is entitled to relief. Sabaugh cannot leave it to the Court to scour the record for evidence supporting his claims. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.") (internal quotations omitted). Nevertheless, the Court has reviewed the ALJ's decision in this case and finds it to be thorough and supported by substantial evidence of record. In particular, the Court notes that the ALJ fully discussed, and appropriately incorporated into Sabaugh's residual

of Sabaugh's complaint with prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** dismissing Sabaugh's complaint **WITH PREJUDICE**.

Dated: April 22, 2014  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to

---

functional capacity: Sabaugh's own reported activities of daily living; the medical records; the opinions of the treating and consulting physicians; and the ALJ's findings as to Sabaugh's credibility. [Tr. 16-22]. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record.") (internal citations omitted); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion.") (internal citations omitted). The ALJ also properly relied on the vocational expert's testimony that substantial job opportunities existed for a person of Sabaugh's age, education, work experience, and residual functional capacity. [Tr. 22, 53-54].

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2014.

                                            s/Felicia M. Moses
                                            FELICIA M. MOSES
                                            Case Manager